**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:21-mc-21742-WPD**

**IN RE APPLICATION OF DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT,**

**Petitioner,**

**vs.**

**ALEXEI LEGASSOV,**

**Respondent.**
______________________________________/

**ORDER GRANTING PETITION FOR EMERGENCY COURT ORDER PERMITTING INVOLUNTARY ADMINISTRATION OF HYDRATION, LABORATORY TESTS, ROUTINE MEDICAL EXAMINATIONS, AND TRANSFER TO HOSPITAL**

THIS MATTER is before the Court upon the Department of Homeland Security, Immigration and Customs Enforcement's (ICE) Petition for Emergency Court Order to Conduct Involuntary Administration of Hydration, Laboratory Tests, Routine Medical Examinations, and Transfer to Hospital.

The Court has thoroughly reviewed the record in this matter which included the Declaration of Dalian Caraballo, M.D., the Staff Physician of the Medical Housing Uni at the Krome Service Processing Center in Miami, Florida. The Court finds that an emergency exists because Respondent's physical condition has significantly deteriorated due to his hunger strike.

Respondent has not cooperated with Petitioner. Respondent has refused ICE's numerous requests to transfer him to a hospital outside of Krome to better assess his medical status. Thus, involuntary administration of intravenous hydration, laboratory testing, and physical examinations will be medically necessary to accurately assess the state of Respondent's health and determine

whether additional medical intervention is necessary to preserve his life.

The Court further finds there is a need to take immediate action to preserve Respondent's health due to his immediate need for hydration. Therefore, it is

**ORDERED AND ADJUDGED** that ICE's petition is **GRANTED** as further provided in this Order.

First, ICE is authorized to involuntarily transport Respondent to Larkin Community Hospital. Should Respondent resist, ICE is authorized to use the least amount of force necessary using wheelchair or gurney and soft restraints, to protect Respondent and staff.

Second, ICE is authorized, through competent medical authority, to include the medical staff at Larkin Community Hospital, Miami, Florida, to involuntarily perform all necessary laboratory tests, including urinalysis and drawing blood from Respondent, and to conduct medical examinations of Respondent, in the event he does not cooperate with such tests and exams. ICE is authorized, through competent medical authority, to include the medical staff at Larkin Community Hospital, Miami, Florida, to use soft medical restraints on Respondent if he attempts to resist these medically necessary procedures.

Third, ICE is authorized to transport Respondent to the Larkin Community Hospital, using the minimal amount of force necessary, via wheelchair or gurney and soft restraints, as required, to ensure he receives the appropriate level of care that is necessary to preserve his health, if he refuses transfer.

Fourth, if, from the time this Order is entered until the time the Court hears the matter on May 10, 2020, in the professional medical judgment of Respondent's treating physician, Respondent's hunger strike has jeopardized his health such that serious bodily harm or permanent

damage to his health is likely to occur, ICE is authorized, through competent medical authority, to include the medical staff at Larkin Community Hospital, Miami, Florida, to involuntarily administer hydration to Respondent, by means of an intravenous line.

Finally, the Court orders ICE to file a Notice, by 10:00 a.m. on May 10, 2021, informing the Court if: (1) the Respondent has counsel representing him regarding this issue (i.e., compelled medical observation and testing). If the Respondent does not have counsel regarding this issue, (2) ICE must include a memorandum of law on the issue of whether the Respondents are entitled to court-appointed attorneys to represent them regarding the issue of compelled medical observation and testing, and foreseeably, compelled feeding and hydration.

**This Order shall be in effect until May 15, 2021.**

The Court notices this matter for a hearing on **May 10, 2021 at NOON** via Zoom teleconferencing. The Respondent must be present for this hearing via ZOOM. The Court will provide the Zoom information by separate order, and ICE is to make all necessary arrangements to have the Respondent present via ZOOM.

DONE AND ORDERED at Miami, Florida, this 7th day of May 2021.

JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE

cc: Respondent Alexei LEGASSOV