UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1-21-mc-21742-WPD

IN RE APPLICATION OF
DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION, AND
CUSTOMS ENFORCEMENT,

Petitioner,

v.

ALEXEI LEGASSOV,

Respondent.
_______________________________________/

**ORDER MEMORIALIZING MAY 14, 2021 HEARING AND CLOSING CASE**

**THIS MATTER** came before the Court on the United States Department of Homeland Security, Immigration, and Customs Enforcement's ("ICE") Petition for Emergency Court Order Permitting Involuntary Administration of Hydration, Laboratory Tests, Routine Medical Examinations, and Transfer to Hospital (the "Emergency Petition"). ECF No. [1]. On Friday, May 7, 2021, the Court entered an Order granting the Emergency Petition until May 15, 2021 and ordering the parties to appear before the Court on Monday, May 10, 2021 for a hearing on the matter. ECF No. [4] at 3.

At the May 10, 2021 hearing, ICE explained that it sought the Emergency Petition because Alexei Legassov ("Respondent"), a detainee at the Krome Service Processing Center, was on a hunger strike and was demonstrating symptoms of physical distress, including severe dehydration. ICE explained that following the Court's May 7, 2021 Order, Respondent was taken to Larkin Community Hospital ("Larkin"), where he received fluids and food. Respondent was in medical custody at Larkin at the time of the May 10, 2021 hearing and testified that he was unsatisfied with

the treatment he received at Krome, that he believed he should not be detained pending removal, and that he was unwilling to end his hunger strike until he was released from ICE custody. Mr. Murat Berdyev, Respondent's immigration attorney, although not counsel of record in this matter, was present and given an opportunity to be heard. At the conclusion of the hearing, the undersigned explained to Respondent that his immigration matter was not before the Court, and as a result, the Court only had jurisdiction to address the Emergency Petition. The Court concluded that the Order would remain in place until the parties appeared for an evidentiary hearing on Friday, May 14, 2021.

On May 12, 2021, ICE filed a Status Report. ECF No. [10]. Therein, ICE stated that Respondent had been discharged from Larkin. *Id.* at 1. ICE further stated that Respondent "consumed his lunch and drank water" after he was "reminded" of the Court's Order. *Id.*

At the May 14, 2021 hearing, ICE proffered the testimony of Jason A. Davidson, Assistant Field Office Director, who testified that the Court's Order should remain in place because it was necessary to abate Respondent's hunger strike. Specifically, Mr. Davidson explained that the continuance of the Order was necessary to ensure order among Krome detainees because if Respondent's hunger strike continued, other detainees would likely follow suit. ICE also proffered the testimony of Dr. George Michel, a physician at Larkin. Dr. Michel testified that Respondent had been cooperative in eating and drinking during his hospital stay. However, Dr. Michel noted that nurses at Larkin had to periodically "remind" Respondent of the Court's Order. Finally, ICE proffered the testimony of Dr. Dalian Caraballo, Staff Physician of the Medical Housing Unit at Krome, who testified that Respondent had been released from the hospital and was back at Krome where she was supervising his care. Specifically, Dr. Caraballo explained that Respondent had been cooperative in eating and drinking since he left the hospital, although he occasionally missed

a meal. Dr. Caraballo noted that a continuance of the Order was necessary because if Respondent expressed a reluctance to eating or drinking, he was "reminded" of the Court Order by unidentified staff members. Dr. Caraballo explained that absent the Order, it was likely that Respondent would continue the strike. Respondent's immigration counsel was also present and afforded the opportunity to question the ICE witnesses and present argument, which he declined to do. Respondent was allowed to question each of the witnesses but declined to do so. Respondent did state that because he was cooperating by eating and drinking, he did not understand why a continuance of the Order was necessary.

At the conclusion of the evidentiary hearing, the Court pronounced its ruling. The Court noted that the Order granting the Emergency Petition, ECF No. [4], was entered on an emergency basis. The Court explained that following the May 10, 2021 hearing, the record reflected that Respondent was receiving ongoing medical care, hydration, and food following an ongoing hunger strike. However, as of May 14, 2021, the record reflected that Respondent was cooperative in eating and drinking. The Court found Mr. Davidson's testimony regarding the necessity of the Court's Order to preserve order at Krome entirely unpersuasive in light of the fact that Respondent was eating and drinking. Likewise, the Court found that Dr. Michel and Dr. Caraballo's testimony provided an insufficient basis to continue the Order. Indeed, the record did not reflect that there was an urgent need for an order permitting involuntary hydration, laboratory tests, and medical examinations because Respondent's life was no longer at risk given that Respondent had been eating and drinking voluntarily. Given that ICE was unable to provide evidence beyond the general statement that Respondent was "reminded" of the Court's Order when he was reluctant to eat or drink, the Court found that the record did not reflect any basis to enter an order empowering ICE to provide hydration and food to the Respondent without his consent. Therefore, for the reasons

stated at the hearing and as set forth above, it is hereby **ORDERED AND ADJUDGED** that the Court's Order granting the Emergency Petition, ECF No. [4], is **VACATED** and the Clerk of Court is hereby directed to **CLOSE** this case. Should the circumstances change such that Respondent's life is in danger, ICE may file a renewed petition with the Court.

**DONE AND ORDERED** in chambers at Miami, Florida on May 19, 2021.

JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE